UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donney Shawyn Whyte Council, #5049, ) | C/A No. 3:11-1088-JMC-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| The South Carolina; SCDC 16-3-20 c Century Fox; ) | |
| 16-3-21 Century Fox @ 4; and S Car Court Trials Cases, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Donney Shawyn Whyte Council ("Plaintiff"), proceeding *pro se*, files this action on the court form for actions brought pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is a incomprehensible stream of words, numbers and symbols, and should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)(pleading requirements).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9; *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). While Rule 8 "does not require 'detailed factual allegations,' " a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Screening pursuant to 28 U.S.C. § 1915A is subject to this standard as well.

2

defendant is liable for the misconduct alleged." *Id*.

The Complaint in this case contains no discernable factual content that states a coherent thought, so the Complaint is inherently implausible. The eleven pages of assertions in Plaintiff's Complaint are rambling and incomprehensible. The Complaint contains random words, phrases, numbers and symbols. No complete, coherent thoughts are conveyed. The Complaint is characterized by what some courts have described as "buzzwords" or "gibberish." *See* Coghlan v. Starkey, 852 F.2d 806, 812-816 (5th Cir.1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp. 696, 702 (E.D.Tex.1989); *Peebles v. Nat'l Collegiate Athletic Ass'n*, 723 F.Supp. 1155 (D.S.C.1989); *United States v. Messimer*, 598 F.Supp. 992, 993 (C.D.Cal.1984) (describing pleadings filed by pro se litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"). Clearly, the Complaint states no basis for the jurisdiction of this Court or the basis for a civil action. The Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.

                                                       Joseph R. McCrorey
                                                       United States Magistrate Judge

June 24, 2011
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).